IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
CARL TURNER,                   )
                               )
    Plaintiff,                 )
                               )      CIVIL ACTION NO.
    v.                         )       3:08cv788-MHT
                               )          (WO)
BELCHER-ROBINSON, LLC,         )
                               )
    Defendant.                 )
```

OPINION

Plaintiff Carl Turner brought this action against defendant Belcher-Robinson, LCC, asserting violations of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 201 et seq., and the Family and Medical Leave Act of 1993 (FMLA), as amended, 29 U.S.C. § 2601 et seq. Jurisdiction is proper under 29 U.S.C. §§ 216(b), 217, & 2617, and 28 U.S.C. § 1331.

This case is before the court on Turner's motion for a default judgment against Belcher-Robinson. Turner's motion will be granted.

**I.**

In 1987, Turner began working for Belcher-Robinson, an iron foundry that manufactures and supplies automobile parts. He was an hourly wage earner. Even though he worked through his lunch hour most days, the foundry deducted 30 minutes worth of wages for a lunch break out of his paycheck. In addition, in 2007, a newly installed time-clock system malfunctioned, and Turner had to keep his hours. The foundry did not pay Turner for all of the hours that he self-reported to the company that he completed.

On March 7, 2008, Turner was diagnosed with lung congestion and was excused from work between March 7 and March 30 for treatment. On March 26, because of pain in his knees, he was excused for another week, until April 6. However, on April 3, Turner received a letter of termination from Belcher-Robinson.

On September 24, 2008, Turner filed this lawsuit. On January 28, 2009, default was entered at Turner's request

because Belcher-Robinson had failed to answer.  On August 12, Turner then filed a current motion for default judgment, and the foundry failed to respond to an August 18 show-cause order as to why the default-judgment motion should not be granted.

## II.

Turner seeks default judgment on both his FLSA and FLMA claims pursuant to Fed. R. Civ. P. 55(b), which provides, in part, as follows:

> "(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> "(2) By the Court. In all other cases, the party must apply to the court for a default judgment. ..."

Turner's motion for default judgment has been presented to the court rather than the court clerk.

**FLSA CLAIM**: Turner claims that Belcher-Robinson violated the FLSA by failing to pay him overtime wages for work he completed during his lunch hour and during the period that the newly installed time-management system was defective.  He asserts that, as an employee covered by the FLSA, see 29 U.S.C. §§ 206-207, he is owed $ 10,123.20 in unpaid wages and $ 10,123.20 in liquidated damages for unpaid hours completed during his lunch break and for overtime hours completed while the foundry's time clock was malfunctioning. See 29 U.S.C. § 216(b).

Turner's FLSA claim is supported by the uncontroverted allegations in his complaint and the evidence presented in his affidavit.  While he does not provide the court with evidence consisting of pay stubs, written reports on the malfunctioning time card system, a written record of the lunches he worked, or any other documented evidence, he has provided the court with an

4

affidavit detailing the uncompensated hours and a clear calculation of the wages owed.

**FMLA CLAIM**: Turner claims that Belcher-Robinson violated the FMLA by firing him while he was on medical leave. He asserts that he was an eligible employee under the FMLA and that the foundry meets the requirements to be held liable under the FMLA as an employer. *See* 29 U.S.C. § 2611(2)(A), (4)(A)(I) (listing parameters to seek redress under the FMLA and limits which employers may be sued under the FMLA).

The evidence reflects that the foundry terminated Turner's employment in violation of the FMLA. The FMLA provides that, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . because of a serious health condition that makes the employee unable to perform the functions of the position of such an employee." 29 U.S.C. § 2612(a)(1)(D). When the employee is ready to return to work, he "is entitled to be returned to the same position

the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment." 29 C.F.R. § 825.214.  It is unlawful for an employer to interfere or terminate an employee for exercising his rights under the FMLA.  29 U.S.C. § 2615.

When Belcher-Robinson terminated Turner's employment while he was on FMLA leave, it violated his right to return to work within the 12 workweek period allowed under the FMLA.  Turner's claim is supported by the uncontroverted allegations in his complaint, the evidence presented in his affidavit, his medical records, and his termination letter.

The evidence also reflects that Turner is entitled to damages as a result of the FMLA violation.  The FMLA provides that, "Any employer who violates section 2615 of this title shall be liable for any eligible employee affected for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied

or lost to the employee by reason fo the violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I). The statute further provides for liquidated damages equal to the sum of the lost wages and interest added to both sums. 29 U.S.C. § 2617(a)(1)(ii)-(iii).

Turner is seeking back-pay damages, minus mitigating earnings, totaling $ 68,894.92 and liquidated damages for the same amount. Turner's FMLA claim is supported by his pleading, evidence presented through his affidavit, and the exhibits submitted to the court showing the date of his termination and the excused absence from work.

Finally, Turner asks for attorney's fees in the amount of $ 3,975.00 and costs totaling $ 370.00. He argues that these fees and costs are reasonable and recoverable under 29 U.S.C. § 2617(a)(3). His counsel submitted a time report that shows he worked 14.9 hours on this matter, charging $ 250 for 12.9 hours of work ($ 3,225.00) and $ 375 for 2 hours of work ($ 750.00).

7

These fees are reasonable and recoverable. The costs he seeks are also recoverable.

* * *

To summarize, Turner's damages for both his FSLA and FLMA claim are as follows:

| | |
|---|---:|
| **FLSA damages for unpaid overtime hours for work completed during lunch hours between September 24, 2005, through October 1, 2007.** | $ 2,545.20 |
| **FLSA liquidated damages for the above listed unpaid overtime hours completed during lunch hours.** | 2,545.20 |
| **FLSA damages for unpaid overtime hours completed between November 2007 and January 2008. A newly installed faulty time clock kept incorrect hours.** | 2,516.40 |
| **FLSA liquidated damages for the above listed unpaid overtime hours completed during the period the time clock malfunctioned.** | 2,516.40 |

| | |
|---|---|
| FMLA damages for unpaid wages from April 3, 2008, the date Turner was terminated and retaliated against, until August 12, 2009, the date he filed suit. | 68,894.92 (With the addition of interest. 29 U.S.C. § 2617(a)(1)(ii)) |
| FMLA liquidated damages for the above listed unpaid hours. | 68,894.92 (With the addition of interest. 29 U.S.C. § 2617(a)(1)(ii)) |
| TOTAL DAMAGES | $ 147,913.04 |
| | |
| Attorney's fees. | $    3,975.00 |
| Filing fee and expenses | 370.00 |
| TOTAL FEES AND EXPENSES | $    4,345.00 |
| | |
| TOTAL RECOVERY | $ 152,258.04 |

Turner is therefore entitled to $ 147,913.04 in damages (plus interest on the FMLA damages) and $ 4,345.00 for fees and costs, for a total of $ 152,258.04 (plus interest on the FMLA damages). An appropriate judgment will be entered.

DONE, this the 15th day of October, 2009.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**